**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MIDLAND NATIONAL LIFE INSURANCE COMPANY, Respondent.**

No. 79–1884.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1980.

Decided May 7, 1980.

Rehearing Denied June 26, 1980.

Lafe E. Solomon, Atty., N. L. R. B., Washington, D. C., argued, William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel and Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., on brief, for petitioner.

Steven Miller, Minneapolis, Minn., argued, Martin L. Garden, Minneapolis, Minn., on brief, for respondent.

Before LAY, Chief Judge, ROSS, Circuit Judge, and LARSON, District Judge.*

PER CURIAM.

The National Labor Relations Board petitions for enforcement of its Decision and Order of August 9, 1979, pursuant to Section 10(e) of the National Labor Relations Act, 29 U.S.C. § 151 et seq.  In its decision, the Board adopted the findings and conclusions of the Administrative Law Judge and held that Midland National Life Insurance Company had violated Section 8(a)(1) of the Act.[1]

The alleged violations occurred during an election campaign in which Local No. 1665 of the Retail Clerks International Union

---

* The Honorable EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1.  29 U.S.C. § 158(a) reads, in part, as follows:

It shall be an unfair labor practice for an employer—

    (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title * * *.

sought representation of the employees of the insurance company. The record demonstrates that prior to the election, both the union and the company campaigned vigorously. Four letters from the president of the company were distributed to the employees which explained the company's position on some of the crucial questions involved in the election: employee evaluations, salary increases, summer hours and other established benefits. The union president sent at least one mailgram to rebut the company's stand on these issues, and the mailgram was read by company supervisors to the employees. Although the company's letters were carefully drafted, the Board adopted the Administrative Law Judge's finding that the letters clearly expressed threats of reprisal and loss of benefits if the union were to win the election, and implied promises of future benefits if the union were to lose.[2]

In addition to the letter campaign, the company's supervisors sought out employees and offered to answer their questions about the election and clarify any misunderstandings about the company's position. The testimony of several employees was credited by the Administrative Law Judge as proof that three of the supervisors actually threatened employees with loss of salary increases and other benefits in violation of Section 8(a)(1) of the Act. The Board adopted these findings of the Administrative Law Judge.

The remaining findings which were adopted by the Board involve the company's treatment of Lita Bonciolini, who was reprimanded for engaging in campaign activities on behalf of the union. Bonciolini was restricted to her desk until after the election, and was threatened with discharge if she chose to leave that immediate area. These actions, taken by two vice presidents of the insurance company, were also found to have violated Section 8(a)(1) of the Act.

We have reviewed the record and the applicable case law, and we conclude that the Board's order must be enforced. In reaching this conclusion, however, we refrain from expressing any opinion as to whether the letters from the company president contain threats of reprisal or promises of benefits. There is sufficient evidence in the record to sustain the Board's order without reference to the content of the letters, and we therefore refrain from ruling on that specific issue.

We have examined the respondent's other arguments on appeal and find them to be without merit. Accordingly, with the one noted exception, we adopt the findings of the Board and grant enforcement of its Decision and Order of August 9, 1979, pursuant to Rule 14 of the Rules of this court.

---

**2.** *29 U.S.C. § 158(c) reads as follows:*

The expressing of any views, argument, or opinion, or the dissemination thereof, whether in written, printed, graphic, or visual form,

shall not constitute or be evidence of an unfair labor practice under any of the provisions of this subchapter, if such expression contains no threat of reprisal or force or promise of benefit.